Case 1:26-cv-00079-MSM-PAS    Document 1    Filed 02/09/26    Page 1 of 7 PageID #: 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

GABRIELLA CIMARELLI,                              :
          *Plaintiff,*                             :

vs.                                               : Civil Action No:

SHI INTERNATIONAL CORPORATION,   :
          *Defendant.*                             :

## COMPLAINT

### INTRODUCTORY STATEMENT

1. This is an action for damages based upon the plaintiff's claims that the defendant violated her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*.  The plaintiff also brings pendent State of Rhode Island claims based upon the plaintiff's allegation that the defendant failed to pay her wages due for work performed for the defendant's business.

### JURISDICTION

2. This Court has subject matter jurisdiction over the plaintiff's FMLA claims under the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 2617.  The plaintiff's state law claims fall under this Honorable Court's pendent jurisdiction as provided in 28 U.S.C. § 1367.

### PARTIES

3. The plaintiff, Gabriella Cimarelli, is a resident of the Town of Hope, County of Providence and State of Rhode Island.

1

4. The defendant, SHI International Corporation is a business corporation, having a headquarters in the State of New Jersey, and is doing business as an in the District of Rhode Island.

## FACTUAL ALLEGATIONS

5. The plaintiff was employed by the defendant, SHI International Corporation, as an Account Executive.

6. At all times pertinent to this litigation, the defendant maintained a written policy, of providing employees with up to thirteen (13) weeks of unpaid leave under both the Family Medical Leave Act, 29 U.S.C. § 2601, and under Rhode Island law, the Rhode Island Parental and Family Medical Leave Act (RIPFMLA).

7. On July 30, 2025, the plaintiff gave birth to a son.

8. Initially, the plaintiff applied for, and was granted, a total of seven (7) weeks of leave under the FMLA.

9. The first two (2) weeks of FMLA leave were taken as paid leave, with the plaintiff utilizing personal time off ("PTO").

10. The remaining five (5) weeks of FMLA leave were unpaid.

11. At the conclusion of the seven (7) weeks of FMLA leave, the plaintiff returned to work, with a return date of September 17, 2025.

12. After her return to work, the plaintiff was informed that she was required to attend an in-person sales conference.

2

13. The plaintiff requested to use a portion of her remaining five (5) weeks of FMLA leave in order to not attend the sales conference.

14. The plaintiff was unable to attend the sales conference because she did not have coverage for child care during the dates that the conference was to be held.

15. After a Regional Manager of the defendant informed the plaintiff that the sales conference was mandatory, the plaintiff contacted the Human Resources office of the defendant and invoked the FMLA for the period of time during which the sales conference was to be held.

16. Approximately one week after invoking her rights under the FMLA, the plaintiff was terminated from her employment by the defendant, which cited the need for a "restructuring".

17. The defendant's claim of a need to "restructure" the company is pre-textual and was designed to conceal it's intent to discriminate against the plaintiff's decision to invoke the FMLA.

18. The pretextual nature of the defendant's citing the need to "restructure" the company as a justification for the plaintiff's termination is further corroborated by the fact that a co-worker of the plaintiff's, a male, was granted FMLA leave after the birth of a child, and, was allowed to use the FMLA leave to cover the period of time during which the above-referenced sales conference was scheduled.

3

19. The defendant has willfully refused to pay the plaintiff the sums that she is owed for commissions earned during her employment with the defendant.

20. As a result of the plaintiff's termination, which was based on her invocation of the FMLA, the plaintiff has sustained money damages.

21. As a result of the defendant's failure to pay the plaintiff wages owed, the plaintiff has sustained money damages.

**COUNT ONE**
**FAMILY AND MEDICAL LEAVE ACT**
**29 U.S.C. § 2601, *et seq.***

22. The plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 21 in Count One.

23. The defendant violated the plaintiff's rights under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, by terminating the plaintiff's employment in response to her request for FMLA-protected leave.

24. The plaintiff sustained money damages in terms of back pay, front pay and the loss of benefits that she would have been entitled to had she not been terminated after requesting FMLA leave under 29 U.S.C. § 2601, *et seq.*.

25. The plaintiff has incurred attorney's fees and will incur additional litigation costs in prosecuting this action.

WHEREFORE, the plaintiff demands the following relief against the Defendant:

1. That she be awarded back pay;

2. That she be awarded front pay;

3. That she be awarded liquidated damages;

4. That she be awarded such other and further relief as may be deemed appropriate and just.

5. That she be awarded attorney's fees, costs and interest.

## COUNT TWO
### Rhode Island State Law Claims
### Rhode Island General Laws § 28-14-4

26. The plaintiff hereby incorporates by reference each and every allegation set forth above in paragraphs 1 through 25 in Count Two.

27. Rhode Island General Laws § 28-14-4 mandates that, upon separation of an employee from employment "the unpaid wages or compensation of an employee shall become due on the next regular pay day."

28. The defendant violated the plaintiff's rights under Rhode Island General Laws § 28-14-4, by willfully failing to pay the plaintiff the monies owed to her as wages or compensation on the next regular payroll date after her termination.

29. In prosecuting her state law claims against the defendant, the plaintiff has incurred legal expenses.

WHEREFORE, the plaintiff prays that she be awarded the following relief

against the defendant:

1.  That she be awarded damages in the amount of the wages and compensation that she was due as of the date of her termination.

2.  That she be awarded liquidated damages of two (2) times the amount of wages and compensation she was due as of the date of her termination.

3.  That she be awarded such other and further relief as may be deemed appropriate and just, including attorney's fees, costs and interest.

GABRIELLA CIMARELLI,
By her attorney,

/s/Edward C. Roy, Jr., Esq.
577 Tiogue Avenue, 2nd Floor
Coventry, RI 02816
(401) 823-0488
(4010 823-0486    Facsimile
Edward_Roy@hotmail.com

[Remainder of this page left blank intentionally]

## VERIFICATION

I, Gabriella Cimarelli, having been duly sworn, do hereby state that I have read the foregoing complaint, and, further, that everything set forth in my complaint is true and accurate.

GABRIELLA CIMARELLI

Subscribed to and sworn to before me in Coventry, Rhode Island on the 2nd February 30th day of January, 2026.

Edward C. Roy, Jr., Esq.
Notary Public
EDWARD C. ROY JR.
Notary, State of Rhode Island
Notary ID # 43156

## JURY TRIAL DEMAND

The plaintiff hereby demands a jury trial as to all causes triable by jury in this matter.

/s/Edward C. Roy, Jr., Esq.

7